VANDERSPECK *v.* FEDERAL LAND BANK *et al.*

(Division B. May 4, 1936. Suggestion of Error Overruled June 1, 1936.)

[167 So. 782. No. 32240.]

**H. M. McIntosh** and **Tarver McIntosh**, both of Collins, for appellant.

**W. U. Corley,** of Collins, for appellees.

**Griffith, J.,** delivered the opinion of the court.

On March 8, 1920, A. F. Riels and wife, being the owners of certain lands in Covington and Jones counties, gave a deed of trust thereon to secure a note for one thousand eight hundred fifty dollars to Geo. M. Forman, due ten years after date, but with provisions for annual interest payments. The deed of trust was in due time recorded in both counties. On August 21, 1923, Riels and wife conveyed forty-eight acres of the mortgaged land to Cleve Hall, who, as a part of the purchase price, agreed to assume and pay one thousand six hundred dollars of the said mortgage indebtedness, together with the annual interest on said one thousand six hundred dollars. On October 17, 1925, Cleve Hall and wife

conveyed said forty-eight acres to W. C. Hicks, and, as a part of the consideration, Hicks agreed to assume the payment of said one thousand six hundred dollars and interest. On March 24, 1924, Riels and wife conveyed to C. C. Thrash what appears to be about twenty-seven acres of the mortgaged land, and, as a part of the consideration, Thrash agreed to assume and pay two hundred fifty dollars of the said mortgage indebtedness, together with all the proportionate interest thereon. Thus there was assumed by these grantees, in the proportions stated, the entire one thousand eight hundred fifty dollars of the original mortgage indebtedness. All the aforementioned deeds were in due time recorded.

On November 12, 1924, Riels and wife conveyed to the Gunters, the appellees herein, the remainder of the lands, not theretofore conveyed to Hall and to Thrash, the conveyance to the Gunters being in consideration of two thousand fifty dollars cash paid. This latter deed carried the following recitals: "It is agreed and understood that George M. Forman and Company of Chicago, Illinois, holds a deed of trust on said lands together with other lands, but that the said loan has been assumed by the other parties to whom the grantor herein has sold a part of the land described in the deed of trust, and that the grantors herein bind and obligate themselves and their heirs that the grantees herein will be safe from payment of any part of said indebtedness due said George M. Forman & Co. as aforesaid, said indebtedness being for the sum of $1850 and duly appearing of record in the office of the chancery clerk of Covington County at Collins, Miss."

It thus appears that at the time the Gunters accepted their deed, they had ample notice that the land was encumbered and of the amount thereof and of the respective assumptions of the indebtedness as aforesaid, and of the proportions of said assumptions. They did not

request or secure any release from Forman nor any statement from him in writing or any statements of any kind to the effect that he would look solely to the parties who had assumed the debt of Riels. It is not shown by the evidence that Forman ever had, until recently, any knowledge or notice of the conveyance by Riels to the Gunters, but it is shown that Forman had knowledge of the assumptions above mentioned, and made no objections thereto, but, as already said, made no agreement to look solely to the new debtors. Thrash paid the amount which he assumed, and the Forman trustee released the Thrash lands from the deed of trust on June 20, 1929. But Hicks failed to pay the amount assumed by him, so that at the date of the decree herein there was a balance due of about one thousand five hundred dollars.

On January 4, 1935, Forman assigned the note and deed of trust to complainant, and on March 16, 1935, the assignee, jointly with the trustee in the original deed of trust, filed her bill to foreclose, making Hicks and wife and the Gunters parties defendant. Riels and wife and Hall were not joined as defendants. On the hearing there was a decree pro confesso against Hicks and wife for the balance of the debt and condemning the lands bought by them to be sold to pay the same, but denying all relief against the lands of the Gunters, and complainants appeal.

The Gunters are not liable for the debt, or any part thereof, so far as concerns any personal decree against them, because they had not contracted or assumed to pay the same. It follows that the rule in equity in favor of the Gunters is that Hicks is primarily liable both personally and as to the mortgaged property held by him, together with any other property of his subject to execution; that next after him Hall is liable, together with any property of his subject to execution; and, in the third place, Riels and wife are liable, together with any

property of theirs subject to execution; and that it is not until recourse has been had in the order named that the lands of the Gunters may be touched, and then, of course, only for any deficiency after exhaustion of remedies against the parties liable in advance of them, and in the order stated.

The Gunters, after their purchase, made valuable improvements on the land conveyed to them. They did so without any notice or intimation from Forman other than the notice in the record of deeds and the deed accepted by the Gunters that any balance remained due on his debt or that he was looking to the Gunter land for any part of the debt. Their case arouses sympathy, but they cannot be relieved on any of the grounds contended for by them, to-wit: (1) Adverse possession; (2) estoppel; (3) waiver; and (4) a release, as the effect of the release of Thrash. Adverse possession cannot be asserted because the Gunters took in subordination to the deed of trust and with notice thereof. Complainants are not estopped, because they did nothing upon which an estoppel could be soundly predicated; and there was no waiver, because, as already mentioned, it is not shown by the evidence that complainant or her assignor ever knew of the conveyance to the Gunters until the note was past due and was being got ready for foreclosure. And no release of the other lands was worked by the release of Thrash, and his land, because the Gunters had record notice at the time of their purchase as to the amount assumed by Thrash and that he would as a probability be released upon the payment of the amount so assumed by him.

It appears from what we have said that necessary parties were omitted from the bill, and the court should not have proceeded without them. It is true that it is alleged that those not made parties were insolvent; but this does not alter the rule as to necessary parties in a case such as now before us. Persons insolvent today

may be otherwise tomorrow. The decree is reversed, and the cause remanded, to be proceeded with along the lines indicated in this opinion.

Reversed and remanded.